Dear Judge Lemoine:
You have attached to your request two earlier opinions of this office regarding the Pineville Probation Department and Criminal Patrol Unit of the City of Pineville. With reference to these opinions you state the Probational Officer for Pineville City Court would like to consider supplemental funding of the Criminal Patrol Unit, and you request an opinion on the legality of this funding.
In Atty. Gen. Op. No. 93-145 this office was informed the City Court was interested in the development of a Criminal Patrol Unit to be funded by the City Court which would operate in target areas of the City to decrease the availability of narcotics and alcohol. The officers and assignments would at all times be under the Pineville Police Department. It was concluded the funds from fees or costs were by statute designated for operational costs of the court and the expenditure for the Patrol Unit did not fall within this category. It was felt this was in the law enforcement field.
This office was requested in Atty. Gen. Op. No. 93-709 whether the city court could contract with a full-time municipal police officer as a court probational officer for services to be rendered in his off-duty time. This office determined if the relationship was one of contract rather than employment there was no obstacle under the dual officeholding provision for a municipal officer to contract to offer services as a court probational officers on his off-duty time.
First we must note that the earlier opinions are mutually exclusive, and the conclusion in one has no relevance to the question in the other being on an entirely different subject.
You now ask if the Probational Officer for Pineville City Court can provide supplemental funding to the Criminal Patrol Unit.
Article VII, Section 14 of the Louisiana Constitution prohibits the loan, pledge or donation of public funds to anyone, public or private. This office has recognized under the decision of City of Port Allen v. La. Risk Management, Inc., 439 So.2d 399
(La. 1983) that despite the constitutional exception for cooperative endeavors for a public purpose, the constitutional prohibition of Article VII, Section 14 will be violated "whenever the State or a political subdivision seeks to give up something of value when it is under no legal obligation to do so."
We are not informed of the duties of a Probational Officer for the Pineville City Court, but feel it is not likely there is any legal obligation relative to criminal patrol on his part. Accordingly, we would conclude funds could not be legally provided from the Probational Officer to the Criminal Patrol Unit unless his duties encompass crime prevention which you have indicated is the goal of the Patrol Unit.
We hope this has answered your question.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
BY: BARBARA B. RUTLEDGE Assistant Attorney General BBR